## SAFETY DEVICE FIRE ESCAPE CO., Inc., et al. v. GOLISH.

District Court, D. New Jersey.
Jan. 25, 1933.

Louis Levin, of Newark, N. J. (Percy Freeman, of New York City, and Thomas L. Hanson, of Perth Amboy, N. J., of counsel), for plaintiff.

Peter Haberlin, for defendant.

FAKE, District Judge.

This is a patent suit in which the plaintiffs charge the defendant with infringement and seek the usual relief by way of injunction and accounting. The defendant denies the validity of the patent, and also denies infringement.

The patent in suit covers a safety device for fire escapes. It was issued to the inventor, Bocchino, under the original number 1,641,798, and assigned by him to plaintiff corporation. Thereafter, the said patent was surrendered to the Commissioner of Patents, and, upon application, a reissue patent, No. 17,469, was granted, upon which this case is founded.

The invention of Bocchino involves the use of a movable ladder in connection with the lower balcony of a fire escape. He provides means for holding the ladder ready for use, means for its easy use, and means for protection against its accidental falling, and against the accidental falling of the weights used therewith.

Prior to Bocchino, counterbalance ladders were used with the lower balconies of fire escapes, but they all evidenced certain shortcomings or defects; among them, lack of provision against accident by reason of the wearing away of the cables or other means used in suspending the ladders and weights, lack of means to prevent the falling of such weights, and the falling of the ladders to the ground below, and lack of a simple easy method of raising, lowering, and holding the ladder. To overcome these very undesirable factors, Bocchino provides a cleat or catch adjustably fixed on the ladder which engages the lower platform of the fire escape. This catch is disengaged by lateral pressure by one desiring to lower the ladder, and keeps the ladder in position for immediate use at all times. The counterweight is suspended by a cable trained over a sheave wheel, which cable is attached to the ladder at one end and to the counterweight on the other. The counterweight travels up or down along a guide to which the weight is attached in such manner as to keep it from falling out of line with the guide, thus providing means to direct its fall, should the cable break. A rigid catcher is provided at the bottom of the guide to contain the counterweight, and it is so constructed as to limit the descent of said weight, thus guarding the weight against falling to the ground below.

In attacking the validity of the patent in suit, the defendant offers three prior patents; Shain, No. 438,387; Waters, No. 886,282; and Pray, No. 1,343,642.

Examining the prior patents above mentioned, I find nothing which can be read as bearing even remotely on the claims of the patent in suit.

The device of the defendant is a copy of plaintiffs' patented device in all of its mechanical parts, and its mode of operation is the same.

My conclusion is that the patent is valid and infringed. A decree will be entered for the plaintiffs.